IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                               4:18-CR-00199-01 SWW

JORGE LUIS MORALES

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 18) is DENIED.

## I.  BACKGROUND

On June 26, 2018, Defendant pled guilty to illegal reentry after deportation.[1] On September 11, 2018, he was sentenced to 57 months in prison.[2]

## II.  DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative

---

[1] Doc. No. 13.

[2] Doc. Nos. 15, 16.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

1

remedies there.[4]  Defendant's motion indicates that he has not requested compassionate release from the warden.  Accordingly, this Court is without jurisdiction.

Even if this Court had jurisdiction, the request would be denied.  In support of his request for compassionate release, Defendant asserts that his parents have several health conditions and that he needs to support his kids "financially and morally."[5]  Under the Guidelines, compassionate release may be warranted upon the "death or incapacitation of the caregiver of the defendant's minor child."[6]  Defendant has provided neither evidence nor argument to support a finding that his parents and children do not have caretakers.  He alleges only that he needs to help them financially, which is an insufficient reason to grant compassionate release.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.  Defendant has six prior convictions.  They include DWI, robbery, burglary, drug possession, throwing a missile (piece of concrete) into a dwelling, and illegal re-entry.  In fact, this is the third time he was found illegally in the United States.

---

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5] Doc. No. 18, at 5.

[6] U.S.S.G § 1B1.13 cmt. n. 1(3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

## CONCLUSION

Based on the above, the Motion for Compassionate Release (Doc. No. 18) is DENIED.

IT IS SO ORDERED, this 18th day of November, 2020.

<u>Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE